**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

Eastern District of Kentucky
FILED
OCT 08 2026
AT COVINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 26-71-DLB-CJS
**21 U.S.C. § 841(a)(1)**

**GREGORY JONES, JR.**

* * * * *

**THE GRAND JURY CHARGES:**

On or about July 4, 2026, and continuing through on or about July 5, 2026, in Kenton and Boone Counties, in the Eastern District of Kentucky,

**GREGORY JONES, JR.**

knowingly and intentionally possessed with intent to distribute 40 grams or more of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Before **GREGORY JONES, JR.**, committed the offense charged in this count, **GREGORY JONES, JR.**, had two final convictions for a serious drug felony for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to the offenses within 15 years of the commencement of the instant offense, namely (1) Trafficking in Heroin, in violation of Ohio Rev. Code § 2925.03(A)(1), in the Hamilton County, Ohio Court of Common Pleas, Case No. B 1007464-B, entered on or about March 18, 2011, and (2) Trafficking in Heroin, in violation of Ohio Rev. Code § 2925.03(A)(2), in the Hamilton County, Ohio

Court of Common Pleas, Case No. B 1405497-B, entered on or about September 29, 2016.

**FORFEITURE ALLEGATION**
**21 U.S.C. § 853**

1. By virtue of the commission of the felony offense alleged in the Indictment, **GREGORY JONES, JR.,** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violation of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violation of 21 U.S.C. § 841. Any and all interest that **GREGORY JONES, JR.,** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**
Approximately $1,060 in U.S. currency.

3. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

[redacted]

**FOREPERSON**

**JASON D. PARMAN**
**UNITED STATES ATTORNEY**

**KYLE M. WINSLOW**
**ASSISTANT UNITED STATES ATTORNEY**

# PENALTIES

Not less than 5 years and not more than 40 years imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

**If a prior conviction for a serious drug felony**, not less than 10 years and not more than life imprisonment, a fine of not more than $8,000,000 and at least 8 years supervised release.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture of all listed property.